UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAWN FAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-CV-3099 |
| | ) |
| NEXT SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Shawn Fair ("Fair"), brings claims against Next Solutions, LLC ("Next Solutions") for failure to pay overtime in violation of 29 U.S.C. 207, et seq., under the Fair Labor Standards Act 29 U.S.C. §§201 *et seq.* (the "FLSA"). In addition, Fair brings an individual claim against Defendants for violation of the Indiana Wage Claims Statute, I.C. § 22-2-9-1 *et seq.* and the Indiana Wage Deductions Statute, I.C. §22-2-6-1 *et seq.*

## STATEMENT OF THE CASE

Fair brings claims to address wage and hour violations committed by Next Solutions. Specifically, Next Solutions took illegal wage deductions from Fair's paychecks and failed to pay Fair in accordance with the overtime provisions of the FLSA. These deductions were taken in violation of Indiana's wage statutes, as they violate Indiana's Wage Assignment Statute, I.C. 22-2-6-2, and result in the underpayment of wages in violation of the Indiana Wage Claims Statute, I.C.

22-2-9.  Those same illegal deductions violate the federal FLSA, particularly as these deductions cause overtime violations, because Next Solutions is violating the FLSA's rule that wages (including payment of overtime wages) must be paid free and clear, unconditionally, and not subject to any kickbacks.

Additionally, Next Solutions further underpaid Fair his overtime wages as a result of a company-wide policy or scheme in which Next Solutions fails and refuses to pay employees from their first principal work activity each day until their last principal work activity each day. Specifically, Next Solutions required Fair to perform significant work prior to the time he was allowed to clock-in each work day, yet Next Solutions only calculated his total hours worked each workweek by using his time clock entries.

Lastly, Next Solutions further underpaid Fair his overtime wages because it did not include all compensable work time in its calculation of Fair's total hours worked each workweek. Specifically, Fair was required to attend weekly meetings held by Next Solutions. Though Next Solutions tracked Fair's hours in these meetings, Next Solutions did not consider this time "production hours" and thus ignored it when calculating the overtime pay due to Fair.

## PARTIES

1.      Fair is an individual who resides in Johnson County, Indiana. Defendant employed Fair within the meaning of the FLSA within the three-year period preceding the filing of this Complaint.  At all times hereinafter mentioned, Fair was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §206-207.

2. Next Solutions is a foreign limited liability company doing business in Indiana. Next Solutions, LLC is in the business of installing and servicing DirecTV satellite television services. Next Solutions acted, directly or indirectly, in the interest of an employer with respect to Fair. Next Solutions is an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

## JURISDICTION

3. This Court has jurisdiction over Next Solutions because Fair has asserted a claim arising under federal law. This Court has supplemental jurisdiction over Fair's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

4. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. §1391, because Fair resides in this District, Next Solutions may be found in this District, and the challenged conduct occurred in this District.

## FLSA COVERAGE

5. At all times hereinafter mentioned, Next Solutions has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). At all times hereinafter mentioned, Next Solutions has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in, or produced for, commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business

done of not less than $500,000.

6. At all times hereinafter mentioned, Fair was an employee "engaged in commerce or in the production of goods for commerce."

## FACTS

7. Fair was employed by Next Solutions as a satellite television technician. Fair is a resident of Johnson County, Indiana and worked out of Next Solutions' Mooresville, Indiana location.

8. Next Solutions employed Fair from approximately February 2015 up to his involuntary termination on June 12, 2018.

9. Next Solutions is in the business of providing satellite television services including installation, maintenance, upgrade and repair for customers of DirectTV.

10. As a technician, Fair was paid on a "piece-rate" basis, receiving a specified amount of money for each job he performed.

11. Throughout his employment with Next Solutions, Fair was not exempt from the overtime provisions of the FLSA.

12. Throughout his employment with Next Solutions, Fair regular worked in excess of forty (40) hours in a single workweek. Specifically, Fair was expected to work, at a minimum, 8:00 a.m. to 5:00 p.m., Monday through Saturday.

13. Next Solutions made numerous unlawful deductions from Fair's earned wages. Next Solutions made unlawful deductions categorized by Next Solutions on the face of Fair's pay stubs as follows:

      a.      "Sin" or deductions for chargebacks; and

      b.      "Equipment" or deductions for supposedly missing equipment.

15.    As further explanation as to how the "Sin" deductions worked, in the event that Fair did a job for a particular customer and that customer required any kind of service within 90 days following Fair's appointment with that customer, Next Solutions deducted or "charged back" $45.00 from Fair's pay. This sometimes resulted in a job actually costing Fair more money than he earned on a job. For example, Fair might have only earned $20 for a job with a particular customer, but if that customer required later service within 90 days, Next Solutions deducted $45.00 from Fair's pay. As a result, Fair was subject to a kickback of all payments made to him for a period of up to 90 days.

16.    Pursuant to Indiana's Wage Assignment Statute, I.C. 22-2-6-2, Next Solutions is only permitted to make deductions from Fair's pay under 16 defined circumstances. [See I.C. 22-2-6-2(b)(1) – (16)] Next Solutions' deductions from Fair's earned wages categorized as "Sin" or "Equipment" are not permissible under the Indiana Wage Assignment Statute.

17.    Fair is specifically alleging that Next Solutions has taken illegal deductions in violation of the Indiana Wage Assignment Statute, I.C. 22-2-6-2, and in doing so, Next Solutions has failed and refused to pay Fair his wages in full in each and every week Next Solutions took one of these pay roll deductions in one or more categories labeled "Sin" and "Equipment".

18.    Not only is Fair alleging that Next Solutions has and had no legal authority to dock the wages of Fair, but Fair is also alleging that Next Solutions

did not have signed, written authority from Fair which complies with I.C. 22-2-6-2 and that would allow Next Solutions to dock Fairs wages to cover the costs in the different categories described above.

19. All wage deductions Next Solutions took from Fair's wages without assignments that fully complied with the requirements of I.C. 22-2-6-2(a) are illegal and created violations of the Indiana Wage Claims Statute, I.C. 22-2-9, regardless of whether or not the deduction was taken for a reason which would have been permitted under I.C. 22-2-6-2(b).  Nevertheless, all deductions described above were simply unlawful under I.C. 22-2-6-2(b).

20. The wage deductions categorized as "Sin" and "Equipment" also violate I.C. 22-2-8-1, which states, "It is unlawful for any employer to assess a fine on any pretext against any employee and retain the same or any part thereof from his wages."

21. All wage deductions Next Solutions took from Fair during weeks in which Fair also worked overtime constitute an FLSA violation for failure to pay all overtime free and clear and not subject to any kickback.

22. Next Solutions employed many other practices and policies to avoid paying Fair the overtime due to him under the FLSA, to provide a few examples:

    a. Fair was required to be present on-site at his first appointment of the day by 8:00 a.m.  Fair was not permitted to clock-in to Next Solutions electronic time tracking system until he arrived at his first appointment of the day at approximately 8:00 a.m.  However, Next Solutions required Fair to engage in several work activities prior to

arriving at his first appointment and clocking-in.  Specifically, Next Solutions required fair to log-in to their scheduling system to review and "acknowledge" all jobs before 7:00 a.m., load his vehicle with all necessary equipment for those appointments that day, and then drive to his first appointment of the day.  Fair's first appointment each day could be anywhere from approximately 10 minutes to more than an hour away from his home.  As a result, Next Solutions did not track all of Fair's compensable hours worked in a continuous workday.

b. On numerous occasions, Fair was instructed by his supervisor to manually change his previously recorded time clock entries in order to reduce Fair's total hours worked in a single workweek, thus reducing the overtime hours for which he was paid.

c. Next Solutions held weekly meetings that Fair was required to attend.  These meetings were held once per week and typically lasted approximately two to two and a half hours in length.  Next Solutions did not include this compensable time when calculating the overtime pay due to Fair.

d. At least some of Next Solutions overtime violations are apparent from the face of Fair's paystubs.  For example, Fair's pay stub for the week of January 18, 2018 to January 24, 2018 identifies Fair as having worked 40 "Regular" hours and 2.33 "Overtime" hours.  This same pay stub reflects $1,319.00 of "Production" pay but pays no

overtime wages to Fair.  The pay stub line for "Production Ot" is blank.

23. As a result, Next Solutions has failed to pay Fair all overtime wages in accordance with the FLSA.

24. Next Solutions knew or had reason to know that Fair was not being compensated for all overtime hours he worked each workweek.

25. Next Solutions Failure to pay Fair all wages in accordance with the FLSA and Indiana Wage Claims Statute was willful and in bad faith.

26. On August 6, 2018, Fair filed a wage claim with the Indiana Department of Labor and on August 7, 2018, the Indiana Office of the Attorney General referred Fair's wage claim to the Law Office of Robert J. Hunt for prosecution of this matter.

## COUNT ONE:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. Fair hereby incorporates by reference paragraphs 1-26 of his Complaint.

28. During the relevant time period, Next Solutions violated the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 by employing Fair for workweeks longer than forty hours without compensating Fair for his employment in excess of forty (40) hours per week at a rate of not less than one and one-half the regular rate for which he was employed.  Next Solutions has acted willfully, or with reckless disregard, in failing to pay Fair in accordance with the law.

## COUNT TWO: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-9 *et. seq.* and 22-2-6 *et. seq*

29. Fair hereby incorporates by reference paragraphs 1-28 of the Complaint.

30. During the relevant time period, Next Solutions has violated and is violating the provisions of Indiana Code §§22-2-9 *et. seq.* and 22-2-6 *et. seq.* by making unlawful deductions from the wages earned by Fair and by failing to timely pay Fair's wages.

31. Next Solutions' failure to pay Fair his earned wages was in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Fair respectfully requests that this Court enter judgment against Next Solutions and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Next Solutions liable for unpaid back wages due to Fair, in addition to liquidated damages equal in amount to the unpaid compensation due to Fair;

b. An Order pursuant to I.C. §§ 22-2-9 *et. seq.* finding Next Solutions liable for unpaid earned wages due to Fair, plus liquidated damages double in amount of the unpaid wages found due to Fair;

c. An Order awarding Fair costs of this action;

d. An Order awarding Fair reasonable attorney's fees;

e. A Declaration and finding by the Court that Next Solutions willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

   f.  An Order granting such other and further relief as may be necessary and appropriate.

            Respectfully Submitted,

            s/Robert J. Hunt
            Robert J. Hunt, (#30686-49)
            The Law Office of Robert J. Hunt, LLC
            1905 South New Market Street, Ste 220
            Carmel, IN 46032
            Telephone: (317) 743-0614
            Facsimile: (317) 743-0615
            E-Mail:  rob@indianawagelaw.com

            Attorney for Plaintiff